# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-01009-NONE-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION TO FILE FIRST AMENDED COMPLAINT<br>(ECF No. 2)<br><br>**THIRTY (30) DAY DEADLINE**<br><br>FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PROTECTIVE ORDER AND IMMEDIATE INJUNCTION<br>(ECF No. 8)<br><br>**FOURTEEN (14) DAY DEADLINE** |

**I.    Introduction**

Plaintiff Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff initiated this action on June 25, 2021, together with a motion to file a first amended complaint.  (ECF Nos. 1, 2.)  On July 30, 2021, Plaintiff filed a motion for protective order and immediate injunction.  (ECF No. 8.)  The complaint has not yet been screened.

**II.    Motion to File First Amended Complaint**

In his motion, Plaintiff acknowledges that his request is not needed but that he is alerting the Court of his intent to file a first amended complaint due to his being in imminent danger of serious physical injury and need to have his case filed immediately, before Plaintiff ends up dead or unable to litigate due to being seriously injured by correctional officers at his current institution.  (ECF No. 2.)

Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's pleading once as a matter of course at any time before a responsive pleading is served.

1

Otherwise, a party may amend only by leave of the court or by written consent of the adverse party, and leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a). "Rule 15(a) is very liberal and leave to amend shall be freely given when justice so requires." *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and quotation omitted). However, courts "need not grant leave to amend where the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in litigation; or (4) is futile." *Id.*

In considering the relevant factors, the Court finds no evidence of prejudice, bad faith, undue delay in litigation, or futility. Plaintiff's complaint has not yet been screened and no defendants have been served or have appeared in this action. Accordingly, to the extent Plaintiff is seeking permission to file a first amended complaint, Plaintiff's motion to amend shall be granted. In light of the allegations in Plaintiff's motion for protective order and injunction as discussed below, the Court finds it appropriate to permit Plaintiff thirty days to submit his first amended complaint.

Plaintiff's first amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Iqbal*, 556 U.S. at 678-79. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at 555 (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

///

### III. Motion for Protective Order and Immediate Injunction

In Plaintiff's motion for a protective order and immediate injunction, he states that he is making an emergency request for an order of protection and injunction against Defendants. (ECF No. 8.) Plaintiff alleges that because of falsified prison discipline, Plaintiff has been put on C-status, and a Defendant Captain in this action ordered his staff, who are also Defendants, to prevent Plaintiff from doing any legal work, especially on this case. Plaintiff alleges that they took Plaintiff's writing utensils (pens) and continuously search his cell, destroying paper, taking legal files, mixing them up, and dumping liquids on papers. In addition, they won't allow Plaintiff to access proper tables to write, and Plaintiff has been informed if he is seen with any writing utensils he will be sent to the hole and receive disciplinary action, and any resistance will be met with force. Plaintiff alleges that he is being denied law library access and when he does get to go, officers make Plaintiff leave after 30 minutes or less, by escort. All of this is preventing the filing of Plaintiff's first amended complaint. Plaintiff therefore requests that the Court order Corcoran State Prison to purge the C-status on Plaintiff, that Plaintiff be allowed to access dayroom tables to write and do his legal work, that Plaintiff be afforded adequate time in the law library, and to return all Plaintiff's pens and writing utensils, to stop conducting searches and destroying Plaintiff's legal work product. (*Id.*) The Court construes the request as a motion for a preliminary injunction.

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983);

*Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982).  If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question.  *Id.*  Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general.  *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010).  The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding.  *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion.  The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint has not yet been screened and he intends on filing an amended complaint, the Court cannot find that Plaintiff has shown a likelihood of success on the merits.  In addition, no defendant has been ordered served, and no defendant has yet made an appearance.  Thus, the Court at this time lacks personal jurisdiction over Defendants or any other prison staff at Corcoran State Prison.

In addition, although Plaintiff has set forth serious allegations regarding the actions of defendants named in this lawsuit, Plaintiff has not demonstrated that any relief sought is "narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."  *See* 18 U.S.C. § 3626(a)(1)(A).  Should Plaintiff require additional time to meet any specific deadline in

this action, such as the deadline for the filing of his first amended complaint, he may file a motion requesting an extension of time, supported by good cause for the request. The Court declines, however, to issue an order regarding Plaintiff's classification status or to specifically dictate his access to the law library or dayroom tables at his facility.

## IV.  Order and Recommendation

Accordingly, IT IS HEREBY ORDERED as follows:

1. Plaintiff's motion to file a first amended complaint, (ECF No. 2), is GRANTED;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Plaintiff's first amended complaint is due within **thirty (30) days** from the date of service of this order; and
4. **If Plaintiff fails to file a first amended complaint in compliance with this order, this action will be dismissed for failure to prosecute and failure to obey a court order**.

\* \* \*

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for protective order and immediate injunction, (ECF No. 8), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, the parties may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." The parties are advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __August 4, 2021__      /s/ *Barbara A. McAuliffe*
                                UNITED STATES MAGISTRATE JUDGE