1
2
3
4   # UNITED STATES DISTRICT COURT
5   EASTERN DISTRICT OF CALIFORNIA
6

7   LANCE WILLIAMS,

8              Plaintiff,

9        v.

10  CORCORAN STATE PRISON, *et al.*,

11             Defendants.

12
13
14
15
16

Case No.  1:21-cv-01009-NONE-BAM (PC)

ORDER DENYING PLAINTIFF'S REQUEST
FOR SETTLEMENT CONFERENCE AS
PREMATURE
(ECF No. 21)

ORDER DIRECTING CLERK OF COURT TO
SERVE CONSENT OR DECLINE FORM ON
PLAINTIFF

ORDER EXTENDING DEADLINE FOR
PLAINTIFF TO FILE SECOND AMENDED
COMPLAINT OR NOTIFY COURT OF
WILLINGNESS TO PROCEED ON
COGNIZABLE CLAIMS

**THIRTY (30) DAY DEADLINE**

17         Plaintiff Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18  *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

19         On September 24, 2021, the Court screened the first amended complaint and granted

20  Plaintiff leave to file a second amended complaint, not to exceed twenty pages in length, or to

21  notify the Court that he does not wish to file a second amended complaint and he is willing to

22  proceed only on his claims against Defendants Pederson, Diaz, and Rios for excessive force in

23  violation of the Eighth Amendment and retaliation in violation of the First Amendment.  (ECF

24  No. 16.)  Following an extension of time, Plaintiff's second amended complaint or notification of

25  willingness to proceed on the claims found cognizable by the Court was due on or before

26  November 8, 2021.  (ECF Nos. 17, 18.)

27         On October 28, 2021, Chief District Judge Mueller issued an Order of Clarification

28  regarding the continuing judicial emergency in the Eastern District of California.  (ECF No. 19.)

Currently before the Court is Plaintiff's "Motion of Plaintiff's Consent to a Magistrate Judge and Request for Pilot Project Settlement," filed November 18, 2021. (ECF No. 21.) In his motion, Plaintiff states that he received the Court's Order of Clarification and is consenting to a Magistrate Judge to move this case along. Plaintiff also states that upon service of defendants, he wishes to participate in the settlement pilot project if it is available. (*Id.*)

With respect to Plaintiff's request to consent to Magistrate Judge jurisdiction, the Court will direct the Clerk of the Court to serve Plaintiff with a consent or decline form, which he can complete and return to the Court. Plaintiff may consent or withhold consent without any adverse consequences.

Plaintiff's request to participate in the settlement pilot project is premature. As noted above, Plaintiff has not yet submitted a second amended complaint or a notification that he is willing to proceed on the claims found cognizable by the Court, and the deadline to do so has expired. Accordingly, Plaintiff has not yet stated any cognizable claims against any defendants, and no defendants have been served. This case cannot be served on any defendants unless and until it proceeds on cognizable claims, and at that time the Court will consider whether it is appropriate to set the case for a settlement conference.

The Court will therefore grant Plaintiff a **final** opportunity to file either a second amended complaint or a notification that he would like to proceed on the cognizable claims in the first amended complaint.

Plaintiff is further reminded that if he chooses to file an amended complaint, his second amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints). **Plaintiff is further admonished that while Plaintiff is granted leave**

1  **to amend, he is not permitted to join claims unrelated to the claim which satisfies the**

2  **imminent danger exception to section 1915(g).  The Court will not screen any such**

3  **improperly joined claims.**

4         Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.

5  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's amended

6  complaint must be "complete in itself without reference to the prior or superseded pleading."

7  Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by

8  reference.

9         Accordingly, IT IS HEREBY ORDERED that:

10  1.  Plaintiff's motion for a settlement conference, (ECF No. 21), is DENIED as premature;

11  2.  The Clerk of the Court is DIRECTED to serve a consent or decline form on Plaintiff;

12  3.  Within **thirty (30) days** from the date of service of this order, Plaintiff must either:

13      a.  File a second amended complaint, **not to exceed twenty (20) pages**, curing the

14         deficiencies identified by the Court's September 24, 2021 screening order (or file a

15         notice of voluntary dismissal); or

16      b.  Notify the Court in writing that he does not wish to file a second amended

17         complaint and he is willing to proceed only on his claims against Defendants

18         Pederson, Diaz, and Rios for excessive force in violation of the Eighth

19         Amendment and retaliation in violation of the First Amendment; and

20  4.  **If Plaintiff fails to comply with this order, this action will be dismissed, without**

21      **prejudice, for failure to obey a court order and for failure to prosecute.**

22

23  IT IS SO ORDERED.

24  Dated:  __**November 20, 2021**__       _/s/ Barbara A. McAuliffe_

25                            UNITED STATES MAGISTRATE JUDGE

26

27

28