# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>        Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, *et al.*,<br><br>        Defendants. | Case No.  1:21-cv-01009-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO FILE SIGNED SECOND AMENDED COMPLAINT IN COMPLIANCE WITH PAGE LIMITATIONS OR NOTIFY COURT OF WILLINGNESS TO PROCEED ON COGNIZABLE CLAIMS<br><br>(ECF No. 28)<br><br>**FORTY-FIVE (45) DAY DEADLINE** |

Plaintiff Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 24, 2021, the Court screened the first amended complaint and found that it stated cognizable claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other cognizable claims against any other defendants, or the claims were improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18.  (ECF No. 16.)  Plaintiff was granted leave to either file a second amended complaint, not to exceed twenty (20) pages in length, or to notify the Court in writing that he was willing to proceed only on the claims found cognizable by the Court.  (*Id.*)

Plaintiff filed a second amended complaint on November 30, 2021, which was twenty-five pages in length and included an additional thirty-one pages of exhibits and attachments.  (ECF No. 24.)  The complaint also lacked any signature.  The Court therefore ordered the second amended complaint stricken from the record and directed Plaintiff to file a signed second amended complaint, not to exceed twenty pages in length, or to notify the Court in writing that he is willing to proceed only on the claims found cognizable.  (ECF No. 27.)

Currently before the Court is Plaintiff's motion for a 45 to 90 day extension of time to file his second amended complaint, filed March 7, 2022.  (ECF No. 28.)  Plaintiff states that he is scheduled to go to L.A. County for a March 18, 2022 court date on an appeal matter, and he will be separated from his property and this case's file.  Plaintiff does not know how long he will be in L.A. County for this appeal.  (*Id.*)

Having considered the request, the Court finds good cause to grant the requested extension of time.  Fed. R. Civ. P. 6(b).  Plaintiff will be granted a forty-five day extension of time to respond to the Court's order.

If Plaintiff chooses to file a second amended complaint, Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for extension of time, (ECF No. 28), is GRANTED;

2. Within **forty-five (45) days** from the date of service of this order, Plaintiff SHALL either:

    a. File a **signed** second amended complaint, **not to exceed twenty (20) pages in length**, curing the deficiencies identified by the Court's September 24, 2021 screening order (or file a notice of voluntary dismissal); or

    b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on the claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment; and

3. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

Dated:  **March 9, 2022**            /s/ Barbara A. McAuliffe
                                    UNITED STATES MAGISTRATE JUDGE