# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>CORCORAN STATE PRISON, *et al.*,<br><br>　　　　　　Defendants. | Case No.  1:21-cv-01009-JLT-BAM (PC)<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR CLARIFICATION OF COURT ORDER AND DENYING PLAINTIFF'S REQUEST FOR COPIES<br><br>(ECF No. 30) |

**I.     Introduction**

Plaintiff Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 24, 2021, the Court screened the first amended complaint and found that it stated cognizable claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other cognizable claims against any other defendants, or the claims were improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18.  (ECF No. 16.)  Plaintiff was granted leave to either file a second amended complaint, not to exceed twenty (20) pages in length, or to notify the Court in writing that he was willing to proceed only on the claims found cognizable by the Court.  (*Id.*)

///

1

1       Plaintiff filed a second amended complaint on November 30, 2021, which was twenty-five
2  pages in length and included an additional thirty-one pages of exhibits and attachments.  (ECF
3  No. 24.)  The complaint also lacked any signature.  The Court therefore ordered the second
4  amended complaint stricken from the record and directed Plaintiff to file a signed second
5  amended complaint, not to exceed twenty pages in length, or to notify the Court in writing that he
6  is willing to proceed only on the claims found cognizable.  (ECF No. 27.)  Following an
7  extension of time, Plaintiff's response is currently due on or before April 26, 2022.  (ECF No.
8  29.)
9       Currently before the Court is Plaintiff's motion for clarification of the Court's February
10 24, 2022 order directing Plaintiff to file a signed second amended complaint in compliance with
11 the page limitations, or to notify the Court of his willingness to proceed only on the claims found
12 cognizable.  (ECF No. 30.)  Plaintiff states that he needs clarification as to whether the exhibit
13 pages count towards the 20 page limitation before he can proceed.  Plaintiff also requests a copy
14 of the second amended complaint because he does not have a copy.  (*Id.*)

**II.     Motion for Clarification**

Plaintiff is informed that exhibit pages do not count towards the 20-page limitation.  However, Plaintiff is also reminded that he need not attach exhibits to his complaint to prove the truth of what is said in the complaint.  For Court screening purposes, facts stated in complaints are accepted as true.  If Plaintiff chooses to include exhibits, Plaintiff is further reminded that those exhibits should be incorporated into the complaint by reference.  Fed. R. Civ. P. 10(c).  The Court strongly suggests to Plaintiff that exhibits should not be submitted where they serve only to confuse the record and burden the Court, or they are intended as future evidence.

**III.    Request for Copies**

Plaintiff's request for a conformed copy of the second amended complaint is denied.  Plaintiff is informed that the Clerk of the Court does not ordinarily provide free copies of case documents to parties.  **Plaintiff is responsible for maintaining his own records for this proceeding**.  Further, even though Plaintiff is proceeding *in forma pauperis* in this action, that status does not entitle him to free copies of documents from the Court.  *E.g.*, *Hullom v. Kent*, 262

F.2d 862, 863 (6th Cir. 1959.)  The Clerk charges $0.50 per page for copies of documents.  *See* 28 U.S.C. § 1914(b).  Copies of documents and of the docket sheet may be made by the Clerk's Office upon written request and prepayment of the copy fees.  Plaintiff's stricken second amended complaint is a total of 56 pages, totaling $28.00.

### IV. Conclusion and Order

**Plaintiff's second amended complaint or notice to the Court of his willingness to proceed on claims found cognizable in the first amended complaint remains due on or before April 26, 2022**.

If Plaintiff chooses to file a second amended complaint, Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint.  *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint.  *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012).  Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.  This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for clarification of court order, (ECF No. 30), is GRANTED;
2. Plaintiff's request for a copy of the stricken second amended complaint, (ECF No. 30), is DENIED;

///

///

3

3. On or before **April 26, 2022**, Plaintiff SHALL either:

   a. File a **signed** second amended complaint, **not to exceed twenty (20) pages in length**, curing the deficiencies identified by the Court's September 24, 2021 screening order (or file a notice of voluntary dismissal); or

   b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on the claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment; and

4. **If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute.**

IT IS SO ORDERED.

   Dated:   **March 24, 2022**                    /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE