# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>             Plaintiff,<br><br>       v.<br><br>CORCORAN STATE PRISON, *et al.*,<br><br>             Defendants. | Case No.  1:21-cv-01009-JLT-BAM (PC)<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECUSAL OF MAGISTRATE JUDGE<br><br>(ECF No. 32) |

## I.     Introduction

Plaintiff Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.

On September 24, 2021, the Court screened the first amended complaint and found that it stated cognizable claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other cognizable claims against any other defendants, or the claims were improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18.  (ECF No. 16.)  Plaintiff was granted leave to either file a second amended complaint, not to exceed twenty (20) pages in length, or to notify the Court in writing that he was willing to proceed only on the claims found cognizable by the Court.  (*Id.*)

///

1

1          Plaintiff filed a second amended complaint on November 30, 2021, which was twenty-five
2   pages in length and included an additional thirty-one pages of exhibits and attachments. (ECF
3   No. 24.) The complaint also lacked any signature. On February 24, 2022, the Court therefore
4   ordered the second amended complaint stricken from the record and directed Plaintiff to file a
5   signed second amended complaint, not to exceed twenty pages in length, or to notify the Court in
6   writing that he is willing to proceed only on the claims found cognizable. (ECF No. 27.)
7   Following an extension of time, Plaintiff filed a motion for clarification of the Court's February
8   24, 2022 order regarding whether exhibit pages count towards the 20-page limitation. (ECF No.
9   30.) The Court clarified that exhibit pages do not count towards the 20-page limitation and
10  denied Plaintiff's request for a free copy of the stricken second amended complaint. (ECF No.
11  31.) Plaintiff was again directed to file a signed second amended complaint, in compliance with
12  the 20-page limitation, or to file a notice of his willingness to proceed on the claims found
13  cognizable by the Court, on or before April 26, 2022. (*Id.*)

## II.     Motion for Recusal of Magistrate Judge

           Currently before the Court is Plaintiff's motion requesting recusal of the undersigned
and/or decline to consent to a Magistrate Judge, filed April 7, 2022. (ECF No. 32.) Plaintiff
requests recusal of the current Magistrate Judge and argues that the undersigned is exhibiting
racial bias, bias towards indigent *pro se* inmates, is making numerous orders and rulings that are
not in the Federal Rules of Civil Procedure or in any Local Court Rules that are prejudicing
Plaintiff's claims and case. Specifically, Plaintiff complains that the undersigned has placed a
page limitation on his complaint of 20 pages, when the Eastern District courts encourage trying to
keep complaints at 25 pages. Plaintiff contends that because there is no rule limiting the amount
of pages in a complaint, this demonstrates bias by the undersigned. Plaintiff states that he forgot
to sign his second amended complaint due to his mental health diagnosis of ADHD. Plaintiff
requests that the undersigned recuse herself from this case, and if not, Plaintiff moves to decline
his consent to a Magistrate Judge. Plaintiff further requests that the Court vacate the order
striking the second amended complaint and accept it and allow Plaintiff to submit a signed and
dated page, attached to his motion, to add to the second amended complaint. If the Court denies

Plaintiff's request, Plaintiff implies that he will file an appeal to the Ninth Circuit Court of Appeals. (*Id.*)

A magistrate judge must disqualify himself if "his impartiality might be reasonably questioned," 28 U.S.C. § 455(a), or if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding," 28 U.S.C. § 455(b)(1). "[J]udicial rulings or information acquired by the court in its judicial capacity will rarely support recusal." *United States v. Johnson*, 610 F.3d 1138, 1147 (9th Cir. 2010) (citing *Liteky v. United States*, 510 U.S. 540, 555 (1994)).

The objective test for determining whether recusal is required is whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned. *Johnson*, 610 F.3d at 1147 (quotation marks and citation omitted); *Pesnell v. Arsenault*, 543 F.3d 1038, 1043 (9th Cir. 2008). "Adverse findings do not equate to bias," *Johnson*, 610 F.3d at 1147.

To the extent Plaintiff seeks withdrawal of any consent he has filed to Magistrate Judge jurisdiction, such a request should be filed as a separate motion to withdraw consent, which will be reviewed by the assigned District Judge. In the instant order, the undersigned considers only Plaintiff's arguments with respect to recusal.

Plaintiff's arguments are not sufficient to show personal bias or prejudice by the undersigned. Plaintiff's objection to the Court setting a page limitation on his amended complaint does not in and of itself demonstrate bias against him. Plaintiff's disagreement with the Court's determination of the number of pages required for him to state a claim is not a legitimate ground for seeking recusal or disqualification. There is no evidence that the undersigned's orders were derived from any extrajudicial source beyond the papers and record in this matter. To the extent Plaintiff is arguing that he is incapable of stating a cognizable claim without exceeding a 20-page limitation, this argument is belied by the fact that the undersigned has already found that Plaintiff's first amended complaint did state cognizable excessive force and retaliation claims against some of the named defendants.

///

Plaintiff's other conclusory allegations regarding bias due to race or indigency, based on nothing more than speculation, are legally insufficient to establish a reasonable question as to the undersigned's impartiality or that a bias or prejudice exists. The request for recusal will therefore be denied.

### III. Conclusion and Order

**Plaintiff's second amended complaint or notice to the Court of his willingness to proceed on claims found cognizable in the first amended complaint remains due on or before April 26, 2022**.

If Plaintiff chooses to file a second amended complaint, Plaintiff is reminded that his amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citations omitted).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. *Lacey v. Maricopa Cty.*, 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's second amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220. This includes any exhibits or attachments Plaintiff wishes to incorporate by reference.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for recusal of Magistrate Judge, (ECF No. 32), is DENIED;
2. On or before **April 26, 2022**, Plaintiff SHALL either:
    a. File a **signed** second amended complaint, **not to exceed twenty (20) pages in length**, curing the deficiencies identified by the Court's September 24, 2021 screening order (or file a notice of voluntary dismissal); or

      b. Notify the Court in writing that he does not wish to file a second amended complaint and he is willing to proceed only on the claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment; and

3. **<u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order and for failure to prosecute</u>.**

IT IS SO ORDERED.

Dated: __**April 12, 2022**__          /s/ *Barbara A. McAuliffe*
                                                          UNITED STATES MAGISTRATE JUDGE