1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

LANCE WILLIAMS,

                    Plaintiff,

          v.

CORCORAN STATE PRISON, *et al.*,

                    Defendants.

Case No.  1:21-cv-01009-JLT-BAM (PC)

FINDINGS AND RECOMMENDATIONS TO DISMISS ACTION, WITHOUT PREJUDICE, FOR FAILURE TO OBEY COURT ORDERS AND FAILURE TO PROSECUTE

(ECF Nos. 16, 18, 27, 29, 31, 33)

**FOURTEEN (14) DAY DEADLINE**

I.       **Procedural History**

          Plaintiff Lance Williams ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action under 42 U.S.C. § 1983.

          On September 24, 2021, the Court screened the first amended complaint and found that it stated cognizable claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other cognizable claims against any other defendants, or the claims were improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18.  (ECF No. 16.)  Plaintiff was granted leave to either file a second amended complaint, not to exceed twenty (20) pages in length, or to notify the Court in writing that he was willing to proceed only on the claims found cognizable by the Court.  (*Id.*)

///

1

On October 6, 2021, Plaintiff was granted a sixty-day extension of time to file his second amended complaint or to notify the Court of his willingness to proceed on the cognizable claims, and was reminded that any second amended complaint was not to exceed twenty pages.  (ECF Nos. 17, 18.)  Plaintiff then filed a premature request for a settlement conference, which the Court denied, and was granted a further thirty days to respond and was again reminded that any second amended complaint was not to exceed twenty pages.  (ECF Nos. 21, 22.)

On November 30, 2021, Plaintiff filed a second amended complaint which was twenty-five pages in length and included an additional thirty-one pages of exhibits and attachments. (ECF No. 24.)  The complaint also lacked any signature.  On February 24, 2022, the Court therefore ordered the second amended complaint stricken from the record and directed Plaintiff to file a signed second amended complaint, not to exceed twenty pages in length, or to notify the Court of his willingness to proceed on the cognizable claims in the first amended complaint. (ECF No. 27.)

Following a further extension of time, Plaintiff filed a motion for clarification of the Court's February 24, 2022 order regarding whether exhibit pages count towards the twenty-page limitation, and the Court clarified that exhibit pages do not count.  (ECF Nos. 28–31.)  The Court reminded Plaintiff that the existing April 26, 2022 filing deadline for the second amended complaint or notice to the Court remained in place.  (ECF No. 31, p. 3.)

On April 7, 2022, Plaintiff filed a motion for recusal of the undersigned and/or decline to consent to a Magistrate Judge.  (ECF No. 32.)  The motion was denied on April 12, 2022, and Plaintiff was again reminded that his second amended complaint or notice to the Court was due on or before April 26, 2022.  (ECF No. 33, p. 4.)

The extended deadline for Plaintiff to file his response to the Court's screening order of his first amended complaint has now expired, and Plaintiff has failed to respond to the Court's order or otherwise communicate with the Court.  It has now been more than seven months since the Court originally screened the first amended complaint.

///

///

**II.**      <u>**Failure to Prosecute and Failure to Obey a Court Order**</u>

**A.**      **Legal Standard**

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court."  District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal."  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.  *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions.  *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988).

**B.**      **Discussion**

Here, Plaintiff's response to the Court's screening order, either in the form of a signed second amended complaint complying with the page limitations set by the Court or a notice that Plaintiff is willing to proceed on the claims found cognizable, is overdue and he has failed to comply with the Court's orders.  The Court cannot effectively manage its docket if Plaintiff ceases litigating his case.  Thus, the Court finds that both the first and second factors weigh in favor of dismissal.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action.  *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976).  The fourth factor usually weighs against

1    dismissal because public policy favors disposition on the merits.  *Pagtalunan v. Galaza*, 291 F.3d

2    639, 643 (9th Cir. 2002).  However, "this factor lends little support to a party whose

3    responsibility it is to move a case toward disposition on the merits but whose conduct impedes

4    progress in that direction," which is the case here.  *In re Phenylpropanolamine (PPA) Products*

5    *Liability Litigation*, 460 F.3d 1217, 1228 (9th Cir. 2006) (citation omitted).

6            Finally, the Court's warning to a party that failure to obey the court's order will result in

7    dismissal satisfies the "considerations of the alternatives" requirement.  *Ferdik*, 963 F.2d at 1262;

8    *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424.  Over the prior seven months, the Court

9    has repeatedly and expressly warned Plaintiff that his failure to comply with the Court's orders

10   would result in dismissal of this action, without prejudice, for failure to obey a court order and for

11   failure to prosecute.  (ECF No. 16, p. 11; ECF No. 18, p. 3; ECF No. 22, p. 3; ECF No. 27, p. 3;

12   ECF No. 29, p. 3; ECF No. 31, p. 4; ECF No. 33, p. 5.)  Thus, Plaintiff had adequate warning that

13   dismissal could result from his noncompliance.

14           Additionally, at this stage in the proceedings there is little available to the Court that

15   would constitute a satisfactory lesser sanction while protecting the Court from further

16   unnecessary expenditure of its scarce resources.  Plaintiff is proceeding *in forma pauperis* in this

17   action, making monetary sanctions of little use, and the preclusion of evidence or witnesses is

18   likely to have no effect given that Plaintiff has ceased litigating his case.

19   **III.    Recommendation**

20           Accordingly, the Court finds that dismissal is the appropriate sanction and HEREBY

21   RECOMMENDS that this action be dismissed, without prejudice, for failure to obey a Court

22   order and for Plaintiff's failure to prosecute this action.

23           These Findings and Recommendation will be submitted to the United States District Judge

24   assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **fourteen**

25   **(14) days** after being served with these Findings and Recommendation, Plaintiff may file written

26   objections with the Court.  The document should be captioned "Objections to Magistrate Judge's

27   Findings and Recommendation."  Plaintiff is advised that failure to file objections within the

28   specified time may result in the waiver of the "right to challenge the magistrate's factual

findings" on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 16, 2022**                          /s/ *Barbara A. McAuliffe*
                                                 UNITED STATES MAGISTRATE JUDGE