# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LANCE WILLIAMS,<br><br>            Plaintiff,<br><br>    v.<br><br>CORCORAN STATE PRISON, *et al.*,<br><br>            Defendants. | No.  1:21-cv-1009-JLT-BAM (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS AND DISMISSING THE ACTION WITHOUT PREJUDICE<br><br>(Doc. 34) |

    The assigned magistrate judge screened the First Amended Complaint and found Plaintiff stated cognizable claims against Defendants Pederson, Diaz, and Rios for excessive force in violation of the Eighth Amendment and retaliation in violation of the First Amendment, but failed to state any other cognizable claims against any other defendants, or the claims were improperly joined with other unrelated claims in violation of Federal Rule of Civil Procedure 18.  (Doc. 16.) Plaintiff was granted leave to either file a second amended complaint, not to exceed 20 pages in length, or to notify the Court in writing that he was willing to proceed only on the claims found cognizable.  (*Id.*)

    Following extensions of time—in which Plaintiff was again reminded that any amended complaint was not to exceed 20 pages (Docs. 18, 22)—Plaintiff filed a Second Amended Complaint which was 25 pages long, included an additional 31 pages of exhibits and attachments, and lacked any signature.  (Doc. 24.)  On February 24, 2022, the magistrate judge ordered the

1

1   Second Amended Complaint be stricken because it was "unsigned, and does not comply with the
2   Court's order not to exceed twenty pages in length." (Doc. 27 at 2.)  The Court instructed
3   Plaintiff to comply with the page limitations in any filed amended complaint or, in the alternative,
4   to notify the Court that he would proceed on the cognizable claim for excessive force. (*Id.*)

5   On April 7, 2022, Plaintiff filed a motion for recusal of the magistrate judge and/or to
6   decline consent to a magistrate judge, which was denied on April 12, 2022.[1] (Docs. 32, 33.) The
7   magistrate judge noted that "[t]o the extent Plaintiff is arguing that he is incapable of stating a
8   cognizable claim without exceeding a 20-page limitation, this argument is belied by the fact that
9   the undersigned has already found that Plaintiff's first amended complaint did state cognizable
10  excessive force and retaliation claims against some of the named defendants." (*Id.* at 3.) Plaintiff
11  was also informed: "**Plaintiff's second amended complaint or notice to the Court of his**
12  **willingness to proceed on claims found cognizable in the first amended complaint remains**
13  **due on or before April 26, 2022**." (*Id.* at 4, emphasis in original.)  In addition, Plaintiff was
14  advised: "**If Plaintiff fails to comply with this order, this action will be dismissed, without**
15  **prejudice, for failure to obey a court order and for failure to prosecute**." (*Id.* at 5, emphasis
16  in original.)  Plaintiff did not file an amended complaint, request to proceed with the claims found
17  cognizable, or otherwise respond to the Court's order.

18  On May 16, 2022, the magistrate judge issued Findings and Recommendations, finding
19  that Plaintiff failed to obey a court order and failed to prosecute this action.  (Doc. 34.)
20  Therefore, the magistrate judge recommended the action be dismissed without prejudice. (*Id.*)
21  Plaintiff timely filed objections on May 31, 2022.  (Doc. 35.)

22  Plaintiff asserts his "civil complaint filing was well within federal guidelines and local
23  court rules." (Doc. 35 at 1.)  Plaintiff argues that he "didn't fail to obey any court orders or fail to
24  respond because the district court's order is a violation of [his] 1st and 14th and 5th amendment
25  constitutional rights." (*Id.* at 2.)  Plaintiff contends he "responded to [the] court's order citing his
26  complaints (sic) page limitation is within federal guidelines and he won't be changing it." (*Id.*)

---

[1] The magistrate judge addressed only the motion to the extent that Plaintiff requested recusal and did not address the request to withdraw consent, instead informing Plaintiff such a motion should be filed separately and would be addressed by the assigned District Judge.  (Doc. 33 at 3.)

1  Plaintiff maintains that he should be permitted to file a complaint that is 25 pages, and the
2  limitation to 20 pages exhibits "bias and prejudice and constitutional violations." (*Id.*)
3        Notably, it is well-established that district courts have an inherent power to control their
4  dockets. *Ready Transp., Inc. v. AAR Mfg., Inc.*, 627 F.3d 402, 404-05 (9th Cir. 2010) (citation
5  omitted). The Ninth Circuit determined the imposition of a 20- page limit—as imposed by the
6  Court in this matter— is not a constitutional violation. *See Wolf v. Idaho State Bd. of Correction*,
7  2021 WL 3721434, at *2 (9th Cir. Aug. 23, 2021) (finding the district court did not abuse its
8  discretion in striking a complaint that did not comply with the 20-page limit, and finding the
9  plaintiff's "contentions that the page limit violates his rights to access he courts and to due
10  process lack merit"). Similarly, other circuit courts determined that page limits for pleadings may
11  be imposed and do not violate constitutional rights. *See, e.g., Watts v. Thompson,* 116 F.3d 220,
12  224 (7th Cir. 1997) ("Enforcing page limits and other restrictions on litigants is rather ordinary
13  practice. This court has a page limit which is rather strictly, and cheerfully, enforced."); *Lewis v.*
14  *Florida Dep't of Corr.*, 739 Fed. Appx. 585 (11th Cir. Sept. 28, 2018) (affirming the dismissal of
15  an action for failure to comply with a court order to file an amended complaint that complied with
16  the page limitation, and rejecting the argument that a page limitation was "unconstitutional…
17  because it effectively denied him access to the courts"). Accordingly, the Court finds Plaintiff is
18  unable to show the page limit in this action was improper or unconstitutional. Further, Plaintiff
19  does not dispute the fact that he declined to file an amended complaint after his pleading was
20  stricken. (*See generally* Doc. 35 at 1-3.)
21        In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this Court conducted a *de*
22  *novo* review of the case. Having carefully reviewed the entire matter— including Plaintiff's
23  objections— the Court concludes the Findings and Recommendations are supported by the record
24  and by proper analysis. Based on the foregoing, the Court **ORDERS**:
25      1.    The findings and recommendations issued on May 16, 2022, (Doc. 34), are
26           adopted in full.
27      2.    This action is dismissed without prejudice.
28  ///

3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **June 15, 2022**

_____
UNITED STATES DISTRICT JUDGE